MABER, INC., Plaintiff, *v.* FACTOR CAB CORP. et al., Defendants.

Supreme Court, Special Term, New York County, May 1, 1962.

*Spring & Mayer* for plaintiff. *Friedlander & Gaines (Norbert Ruttenberg* of counsel), for Factor Cab Corp. and others, defendants.

SAMUEL M. GOLD, J. Plaintiff moves for an order striking out the answer of the defendants Richel and the defendant Factor Cab Corp., or in the alternative, for summary judgment against those defendants, and, in the further alternative, for partial summary judgment against the defendants. The corporate defendant had made a series of 44 notes, each in the sum of $500, the first due on July 1, 1959 and the others due monthly

672

thereafter. Plaintiff purchased from the payee, the defendant Golenbock, 21 of those notes, the first of which fell due on June 1, 1961. There was a default with respect to note number 27, due on September 1, 1961. The notes were made payable to the payee in his fiduciary capacity and this is sufficient to raise the question whether the plaintiff is a holder in due course. The notes were received by the payee with the understanding that out of the proceeds thereof the payee was to make payment of liens which he asserted amounted to $12,600 in favor of the Veterans' Administration and Knickerbocker Hospital. The defendants have asserted a counterclaim for the recovery of $12,600. Plaintiff asserts that it was advised after the commencement of the action that the potential liability on the liens is $3,800. While the plaintiff may not be a holder in due course, yet his claim on the notes is subject only to diminution to the extent of the outstanding liens. By this time the defendants have had adequate opportunity to discover the extent of the liability, subject of the counterclaim, and they made no attempt to produce any factual data to support its claim of outstanding liens in the amount asserted in the counterclaim. Accordingly, partial summary judgment is awarded to the plaintiff in the amount of his demand less the sum of $3,800, severing the balance of the claim. An order will be settled on five days' notice, giving to the defendants additional time to submit proof of the extent of the outstanding liens, and such proof may be submitted by affidavit served upon the plaintiff and submitted upon the settlement of the order, at which time such proofs will receive further consideration.